# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-CR-204-RAS- |
| | § | DDB |
| GERALD OMAGBENI OMASANJUWA, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 25, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Marisa Miller.

On July 8, 2010, Defendant was sentenced by the Honorable United States District Judge Richard A. Schell to thirty-three (33) months of imprisonment followed by a three (3) year term of supervised release and requirement to make restitution for the offense of Conspiracy to Utter Counterfeit Obligations, a violation of 18 U.S.C. § 371. On October 26, 2012, Defendant completed his period of imprisonment and began service of his term of supervised release.

On January 28, 2015, the U.S. Probation Officer executed a Petition for Offender Under Supervision [Dkt. 123 Sealed]. The Petition asserted that Defendant violated six (6) conditions enumerated in five paragraphs as follows: (Paragraph 1) (i) Defendant shall not commit another federal, state, or local crime; (ii) Defendant shall not possess a controlled substance; (Paragraph

REPORT AND RECOMMENDATION – Page 1

2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician; (Paragraph 3) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five (5) days of each month; (Paragraph 4) Defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment; and (Paragraph 5) Defendant must pay the total criminal monetary penalties, which amount is $72,400 in ordered restitution, with payment to begin immediately.

The Petition alleges that Defendant committed the following acts: (1) On December 3, 2014, in Addison, Texas, Defendant was arrested for possession of Nitrofurantoin Monohydrate, which charge is pending in Dallas County Criminal Court 9; (2) On December 3, 2014, Defendant possessed both a debit and credit card issued to Randon Williams without Mr. Williams' consent as evidenced by his December 22, 2014, arrest for Fraudulent Use/Possession of Identifying Information, a state jail felony; also on that date, Defendant intentionally fled from Addison Police Officers and provided a false name and date of birth to the officers; (3) Defendant failed to submit truthful and complete written reports during the months of November and December 2013, and February, April, June, July, August, September, October, November, and December 2014; (4) Defendant failed to notify Senior U.S. Probation Officer Darwin Shaw when he moved from 1821 Chippewa Trail, in Mesquite, Texas, and on October 31, 2014, Defendant's mother informed U.S. Probation Officer Shaw that she no longer lived at the address and that she did not know where Defendant was living; and (5) Defendant satisfied his mandatory special assessment, but has made no payments toward the ordered restitution.

Prior to the Government putting on its case, Defendant entered a plea of true to the allegations contained in Paragraphs three (3), four (4), and five (5), of the Petition, specifically that Defendant failed to submit the required reports, failed to notify his probation officer of a change in residence, and failed to make payments toward restitution. The Government withdrew the allegations contained in Paragraphs one (1) and two (2). Having considered the Petition and the plea of true to the allegations in Paragraphs three (3), four (4), and five (5), the Court finds that Defendant did violate his conditions of supervised release by failing to submit the required reports, failing to notify his probation officer of a change in residence, and failing to make payments toward restitution.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with twenty-eight (28) months of supervised release to follow. Defendant is further required to satisfy the balance of his outstanding restitution.

The Court also recommends that Defendant be housed in the Bureau of Prisons Seagoville facility, if appropriate.

**SIGNED this 26th day of August, 2015.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE